

# The Attorney General of Texas

October 12, 1984

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

,1 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth. Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Bob Bullock
Comptroller of Public Accounts
L.B.J. State Office Building
Austin, Texas   78774

Opinion No. JM-211

Re: Whether country club fees
are subject to the amusements
tax

Dear Mr. Bullock:

Chapter 151 of the Tax Code imposes limited sales, excise, and use taxes on businesses operating within this state engaged in certain specified activities. Legislation enacted during the recently-completed special session designed to increase state revenues to offset increased state expenditures for public education expanded the tax to include "amusement services." See Tax Code ch. 151, Acts 1983, 68th Leg., 2nd C.S., ch. 31, art. 7, at 534-44. Section 1 of article 7 expands the definition of "taxable item" set forth in section 151.010 of the Tax Code to include "taxable services." Section 2 of article 7 adds section 151.0101 to the code, defining "taxable services" to include inter alia "amusement services." Section 151.0028 of the Tax Code was added by section 3 of article 7 and provides the following:

> Sec. 151.0028. 'AMUSEMENT SERVICES.'
> 'Amusement services' means the provision of amusement, entertainment, or recreation, but does not include the provision of educational or health services if prescribed by a licensed practitioner of the healing arts for the primary purpose of education or health maintenance or improvement.

In response to these and other amendments, you ask for our official opinion on the following four questions:

> 1. Are social membership initiation fees and/or monthly dues at a country club subject to amusements tax?

> 2. If the answer to question number (1) is 'no,' are the additional membership initiation fees and/or monthly dues for golf and recreation subject to tax?

3. Are guest fees for using club recreational facilities subject to amusements tax?

4. Are membership initiation fees and/or monthly dues at athletic and sporting clubs subject to amusements tax when the primary activity of the club involves recreational activities which would be subject to tax if an individual admission fee was charged?

We are unable to answer your questions because the legislature has seemingly removed from the authority of any official other than you the right to declare what constitutes "amusement services." Section 151.0101 of the Tax Code provides the following:

Sec. 151.0101. 'TAXABLE SERVICES.' (a) 'Taxable services' means:

(1) amusement services;

(2) cable television services;

(3) personal services;

(4) motor vehicle parking and storage services; and

(5) the repair, remodeling, maintenance, and restoration of tangible personal property, except:

(A) aircraft;

(B) a ship, boat, or other vessel, other than a sports fishing boat or any other vessel used for pleasure; and

(C) the repair, maintenance, and restoration of a motor vehicle.

(b) The comptroller shall have exclusive jurisdiction to interpret Subsection (a) of this section. (Emphasis added).

Acts 1983, 68th Leg., 2nd C.S., ch. 31, art. 7, sec. 2, at 534.

You have not asked about, and accordingly we do not address the constitutionality of subsection (b). On its face, this language appears to contravene article II, section 1 of the Texas Constitution.

It has been suggested, however, that a court might construe subsection (b) to confer authority on the comptroller only to promulgate rules not inconsistent with the statute. In any event, the legislature has clearly indicated its preference that the comptroller make the initial determination as to the proper construction of subsection (a). Accordingly, as a matter of policy, we decline to answer your questions until you have furnished us with your construction of those provisions.

### S U M M A R Y

The attorney general will not as a matter of policy answer a question whose initial determination the legislature has clearly indicated shall be left to the comptroller.

Very truly your

JIM   MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Nancy Sutton